Damiam MASSE, an infant, by his Guardian ad Litem, Woodrow G. Masse, Plaintiff,

v.

ANIMAL REPELLENTS, INC., Defendant.

Civ. A. No. AC-1082.

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 8, 1964.

Cromer & Louthian, Columbia, S. C., for plaintiff.

J. Edwin Belser, Jr., Columbia, S. C., for defendant.

SIMONS, District Judge.

This order comes before the Court upon a motion by the defendant for a judgment on the pleadings. Matters outside the pleadings were presented and considered by the Court and the motion is therefore treated as one for summary judgment. In support of his motion the defendant raises two jurisdictional objections. The first is that the defendant is a foreign corporation and does no business in South Carolina, nor does it have officers or agents therein. The second objection is that the defendant is not subject to the provisions of the "South Carolina Economic Poison Law" (Code 1962, § 3–151 et seq.) upon which plaintiff relies. The said Act confers jurisdiction of any person or corporation, either domestic or foreign, who shall sell economic poison or insecticide regulated therein within the State. The said Act further provides for the designation of the Commissioner of Agriculture as the agent upon whom process may be served in the event of litigation, and provides further that for the purpose of service of process the said Commissioner shall be the agent of any foreign corporation coming within the operation of the article.

Defendant filed herein certain requests for admissions directed toward each of the foregoing jurisdictional questions.

■ The complaint alleges the defendant to be a foreign corporation doing business in South Carolina through its authorized agent and dealer Pest Control Services, Inc. The answer of the defendant denied that Pest Control Services, Inc. was the agent or dealer of the defendant. Defendant's request for admissions requested the plaintiff to admit that there was no agency or dealership relation between the defendant corporation and Pest Control Services, Inc. Plaintiff failed to admit, specifically deny or make proper legal objection to said request, and, therefore, under Rule 36, Fed.Rules Civ.Proc., the plaintiff will be deemed to have admitted such request. In support of this position defendant filed an appropriate affidavit to the effect that there was no agency relationship. In addition thereto attorney for plaintiff stated in his argument that plaintiff had no evidence to prove such agency and agreed that such relationship did not in fact exist.

By reason of the foregoing, it appears that the defendant is not within the jurisdiction of this Court upon the grounds that it does business in South Carolina.

■ Defendant's requests for admissions also requested the plaintiff to admit that the South Carolina State Crop Pest Commission has not declared snakes to be a pest in accordance with provisions of the South Carolina Economic Poison Law. Plaintiff again failed to admit, specifically deny or make proper objection to such request, and, therefore, the matter requested to be admitted is to be deemed admitted. Section 3–152 of the Code of Laws of South Carolina 1962 defines "economic poison" as "any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any insects, rodents, nematodes, fungi, bacteria, weeds, shrubs, or other forms of plant or animal life or viruses, except viruses on or in living man or other animals, which the South Carolina State Crop Pest Commission shall declare to be a pest * * * *". Section 3–154 South Carolina Code of Laws of 1962 vested authority in the South Carolina State Crop Pest Commission, after opportunity for hearing, to declare as a pest any injurious form of plant or animal life. In order for a product to be subject to the terms of the South Carolina Economic Poison Law it must be such as is intended for the control of forms of plant or animal life which the South Carolina State Crop Pest Commission *shall* declare to be a pest. Attorney for the defendant exhibited a letter from J. H. Cochran, State Entomologist for South Carolina State Crop Pest Commission, to the effect that

reptiles or snakes have not been declared a pest by such Commission. Attorney for plaintiff verified this as a fact, stating that he had made inquiry of the Commission and had been advised that as of the date of the institution of this action snakes had not been declared a pest.

It appears, therefore, that the product "Snake Stop" does not qualify as an economic poison, and the defendant is not within the contemplation of said Act.

I, therefore, conclude that plaintiff's complaint should be dismissed, and that summary judgment should be entered for the defendant, and it is so ordered.